## LOFTUS v. BALTIMORE & O. R. CO.

### No. 9089.

Circuit Court of Appeals, Seventh Circuit.

May 16, 1947.

Rehearing Denied June 19, 1947.

Louden L. Bomberger and Daniel F. Kelly, both of Hammond, Ind. (Rae M. Royce, of Hammond, Ind., E. W. Lademann, of Chicago, Ill., and Bomberger, Morthland & Royce, of Hammond, Ind., of counsel), for appellant.

Timothy P. Galvin, Francis J. Galvin and Edmond J. Leeney, all of Hammond, Ind., for appellee.

Before EVANS, and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff brought this action to recover damages for injuries by him received when the automobile in which he was riding was struck by an engine used by defendant in pulling a train across the Euclid Street crossing in East Chicago, Indiana. Upon the trial, the jury's verdict was for the plaintiff and the court entered judgment thereon. Defendant appealed and here argues the district court erred in refusing to grant its motion for a directed verdict.

Defendant's motion for a directed verdict was predicated on two grounds: (a) absence of substantial evidence to establish defendant's negligence; (b) the existence of evidence conclusively showing plaintiff was guilty of contributory negligence.

It is unnecessary to set forth in detail the testimony upon which defendant relies as the basis for its contention. Counsel has argued most earnestly and persuasively that the evidence, viewed from any angle, failed to establish a jury question on either issue—negligence or contributory negligence.

■ We are much impressed by it. We are not, however, the jury, and if the jury accepted the testimony most favorable to the plaintiff, as true, we can not say its verdict lacked evidentiary support so far as defendant's negligence is concerned.

■ As to plaintiff's contributory negligence, we would, in view of our holding in Moss v. Pennsylvania R. R. Co., 146 F.2d 673, accept defendant counsel's argument but for one fact which distinguishes this case from the Moss case. The driver

of the car in this case, as in the Moss case, would have been guilty of contributory negligence as a matter of law but for the fact that the attention of both parties in the automobile was directed to another engine with full headlights, standing on the adjoining track and facing the west,—the opposite direction from which the train which hit the plaintiff's car was approaching. This westbound engine, which was not far from the crossing, was the one that caused the alternating lights to flash at the crossing. It and said signs, caused the driver of the automobile to stop at the track and to start forward again at low speed. It diverted the attention of those in the car and focused their eyes upon said westbound engine. It caused them to ignore the possibility of an on-coming train, coming from the west. At least, we are persuaded that a jury might have so found. In fact, the jury evidently did so find and it excused the plaintiff for his failure to watch for said rapidly approaching train from the west.

We hesitate somewhat in accepting this as an excuse for plaintiff's failure to observe what was observable—the on-coming eastbound train. Under all the circumstances, however, we can not say that the facts *conclusively* established the plaintiff's contributory negligence. The trial court thought it was a jury question and we are unwilling to say it erred. Myers **v.** Reading Co., 67 S.Ct. 1334.

The judgment is affirmed.